UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANIEL GARRETT DENNISON

                      Plaintiff,

  - against –

STORYFUL AMERICAS, LLC

                      Defendant.

Case No.:  1:20-CV-00698 (LGS)

**DECLARATION OF
JAMES H. FREEMAN**

**JAMES H. FREEMAN**, under the penalty of perjury, declares:

    1.    I am counsel of record for plaintiff Nathaniel Garrett Dennison ("Dennison"), having filed a notice of appearance with the Court on December 2, 2020.

    2.    I am an associate and employee of Liebowitz Law Firm, PLLC ("LLF") and am admitted to practice law in this District and in the State of New York.

    3.    I submit this declaration in support of my motion to withdraw as Dennison's counsel of record under L.R. 1.4; for an Order directing the Clerk of Court to amend the docket so as to designate LLF as an interested party in this action and to permit me to remain as counsel on behalf of LLF; and for an Order providing that this Court will retain jurisdiction to enforce the terms of the fully executed Settlement Agreement b/w Dennison and Defendant Storyful Americas, LLC ("Defendant").

**Dennison's Letter of Engagement with LLF**

    4.    On or about January 17, 2019, Dennison entered into a letter of engagement to retain the legal services of LLF.  The letter of engagement was duly executed by Dennison and was also signed by "Richard P. Liebowitz, Esq." on LLF's behalf.  The letter of engagement expressly provides for a contingency fee arrangement whereby Dennison agreed to compensate

LLF based on a fixed percentage of any recovery obtained "by lawsuit, settlement or otherwise", after the deduction of any "fees, expenses or disbursements properly chargeable to the enforcement of the claim or prosecution of the action."

5. In the alternative, LLF has the contractual option to seek *quantum meruit* under certain circumstances, in an amount determined by the Court. The letter of engagement also provides that LLF employs "associate attorneys", who may be compensated at a specified hourly rate. I have reviewed a copy of that agreement and am familiar with its contents.

**Commencement of Action and Settlement in Principle**

6. On January 27, 2020, Dennison initiated this action through LLF's filing of a one-count complaint for copyright infringement. [Dkt. #1]

7. On July 14, 2020, Mr. Liebowitz, acting on behalf of Mr. Dennison, filed a Notice of Settlement with the Court indicating that the parties had reached a settlement in principle. [Dkt. #43]

8. On July 16, 2020, the Court dismissed the action, adjourned all pending dates, and provided the parties a 30-day deadline to re-open the case. [Dkt. #44]

9. On August 17, 2020, upon Dennison's request, the Court extended the deadline to finalize the settlement through October 1, 2020. [Dkt. #47]

10. On October 7, 2020, after the parties were unable to consummate the settlement, the Court denied Dennison's request for an additional extension of time, re-opened the case and entered an Amended Scheduling Order [Dkt. #s 51, 52]

11. On October 22, 2020, the Court referred the matter to the Magistrate Judge for purposes of settlement. [Dkt. #58]

**Formal Execution of the Settlement Agreement**

12.     On November 23, 2020, Dennison executed the parties' Settlement Agreement by affixing his signature to the document via HelloSign.  Attached as <u>Exhibit A</u> is a true and correct copy of Dennison's signature page and the audit trail generated by Hellosign.

13.     Before Mr. Liebowitz caused the Settlement Agreement to be uploaded to Hellosign, Dennison e-mailed Mr. Liebowitz stating "Lets get it signed and get this off of my plate."  I have seen a copy of this e-mail and am familiar with its contents.

14.     On November 25, 2020, the S.D.N.Y. Grievance Committee entered an order that subjected Mr. Liebowitz to an interim suspension pending further hearing.  The interim suspension order took effect that same day.

15.     On November 30, 2020, Dennison e-mailed Mr. Liebowitz, indicating that he was traveling in Southern Mexico, and asked how LLF was going to transmit the settlement proceeds to Dennison.  Mr. Liebowitz did not respond.  I have seen a copy of this e-mail and am familiar with its contents.

16.     On December 2, 2020, defense counsel contacted me and asked whether LLF had authority to process the settlement payment and sign a stipulation of dismissal on Dennison's behalf.  After verifying that Dennison had signed the Settlement Agreement, I indicated that LLF was authorized to receive the settlement proceeds, that I would file a notice of appearance, and file a stipulation of dismissal on Dennison's behalf.

17.     Before filing a notice of appearance, I asked defense counsel to transmit a fully executed copy of the Settlement Agreement.  Attached hereto as <u>Exhibit B</u> is a true and correct copy of the e-mail transmitted by defense counsel, followed by the fully executed signature page included in the attachment.

**Notice of Appearance, Service of the Court's Order, and Termination by Dennison**

18. On December 2, 2020, after receiving a copy of the fully executed settlement agreement, I filed a notice of appearance with the Court on behalf of Dennison for the limited purpose of filing a stipulation of dismissal once the settlement proceeds had been received.

19. On December 3, 2020, the Court entered an Order terminating Mr. Liebowitz as counsel and directing me to serve a copy of the Order on Dennison. [Dkt. # 62]. That same day, I caused Dennison to be served via e-mail with a copy of the Court's Order, dated December 3, 2020. [Dkt. #63]  A certificate of service was filed with the Court on December 7, 2020 [Dkt. #64]

20. On December 3, 2020, I also transmitted a copy of the fully executed Settlement Agreement to Dennison via e-mail and indicated that payment was forthcoming.

21. In response to the service of the Court's Order and transmission of the fully executed Settlement Agreement, Dennison notified me via email on December 4, 2020 that LLF had been released and that I did not have authority to appear on his behalf. He also indicated that he intended to retain substitute counsel in order to challenge the enforceability of the fully executed Settlement Agreement.

22. That same day, on December 4, 2020, I emailed defense counsel and notified them to stop payment on grounds that LLF was no longer authorized to represent Dennison or otherwise receive proceeds on his behalf. Attached as Exhibit C is a true and correct copy of the 12/4/20 email I transmitted to defense counsel.

23. The next business day, December 7, 2020, I filed this motion to withdraw as Dennison's counsel, which complies with L.R. 1.4 and section III.A.3 of the Court's Individual Rules and Procedures for Civil Cases.

4

24.     During the three business days in which I appeared before the Court as counsel for Dennison, I did not file any documents on his behalf nor accept any proceeds or other monies.  The actions I took consisted of receiving and transmitting a fully executed copy of the Settlement Agreement, causing the Court's 12/3/20 Order to be served upon Dennison, and notifying defense counsel to stop payment on 12/4/20 in light of LLF's termination that day.

25.     Dennison did <u>not</u> discharge LLF for good cause given that he voluntarily signed the Settlement Agreement on November 23, 2020 and was eager to receive the settlement proceeds as of November 30, 2020.

**Application for Attorneys' Charging Lien**

26.     Pursuant to L.R. 1.4, LLF respectfully seeks a charging lien on grounds that it has a contractually-defined economic interest in any proceeds derived from the fully executed Settlement Agreement.

27.     In the event the Settlement Agreement is set aside, then LLF has a contractual interest in the proceeds of any future settlement or judgment and may also elect to claim its attorneys' fees and chargeable costs on the basis of *quantum meruit,* either by contract or under a theory of unjust enrichment.

Dated: Valley Stream, New York
Executed this 7th Day of December, 2020

                                                  **/s/jameshfreeman/**
                                                  James H. Freeman
                                                  Liebowitz Law Firm, PLLC